**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ONKAR SINGH, | No. 11-72563 |
| Petitioner, | Agency No. A099-577-343 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Onkar Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence, *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007), and we deny the petition for review.

Singh testified that police beat him in the course of interrogating him about the whereabouts of his good friend, who was a member of a terrorist group. Substantial evidence supports the agency's finding that Singh failed to establish that the police were motivated by an imputed political opinion.  *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044-45 (9th Cir. 2004) (petitioner bears the burden of showing a police investigation has "no bona fide objective"); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").  Because Singh did not establish past persecution, he is not entitled to a presumption of a well-founded future fear.  *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002).  Substantial evidence supports the finding that Singh failed to establish a well-founded fear of future persecution.  *See id.* (where there is no presumption of future persecution, agency is entitled to rely on all relevant evidence in the record in considering whether petitioner has a well-founded fear); *see also* 8 C.F.R. § 1208.13(b)(2)(ii) (no well-founded fear where petitioner could reasonably relocate).  Accordingly, Singh's asylum claim fails.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports that agency's denial of CAT relief because Singh failed to establish it is more likely than not he will be tortured if he returns to India. *See Ahmed*, 504 F.3d at 1200-01 (past harm, including four arrests and beatings, did not constitute torture or establish that petitioner would likely be tortured in the future).

Finally, we reject Singh's assertion that the agency improperly disregarded the statement of Rajwant Singh, because the record shows that both the BIA and IJ considered the statement.

**PETITION FOR REVIEW DENIED.**